UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**

Jeffrey A. Apperson, Clerk

OCT 0 1 2007

U. S. DISTRICT COURT
WEST'N DIST. KENTUCKY

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 3:07CR-120-H

HEDGES LANDSCAPE SPECIALISTS                              DEFENDANTS
       d/b/a EXTERIOR DESIGN, INC.
       d/b/a PERFORMANCE IRRIGATION, LLC

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of
Criminal Procedure, the United States of America, by David L.
Huber, United States Attorney for the Western District of
Kentucky, and defendant, HEDGES LANDSCAPE SPECIALISTS, d/b/a
EXTERIOR DESIGN, INC., d/b/a PERFORMANCE IRRIGATION, LLC, and its
attorney, John Caudill, have agreed upon the following:

1.   Defendant agrees to waive Indictment by the grand jury
and to plead guilty to a felony Information which will be filed
against defendant by the United States Attorney for the Western
District of Kentucky.  That information will charge defendant
with a violation of  8 U.S.C. § 1324(a)(3)(A).  Defendant further
acknowledges that the Information in this case seeks forfeiture
of any and all property constituting, or derived from, proceeds
said defendant obtained, directly or indirectly, as a result of
the said offenses, and any and all of defendants' property used,
or intended to be used, in any manner or part, to commit or to

1

facilitate the commission of the said violations alleged in
Counts 1 through 2 of this Information, including Contents of
bank accounts (numbers omitted) in the names of Dean Hedges
(personal account), Hedges Landscape Specialists DBA Exterior
Design, Inc., and Performance Irrigation, LLC, respectively,
located at National City Bank, 6518 West Highway 146, Crestwood,
Oldham County Kentucky (total approximate value $184,766.87).

    2.   Defendant has read the charges against him contained in
the Information, and those charges have been fully explained to
him by his attorney.  Defendant fully understands the nature and
elements of the crimes with which he has been charged.

    3.   Defendant will enter a voluntary plea of guilty to
Count 1 in this case.  Defendant will plead guilty because he is
in fact guilty of the charge.  The parties agree to the following
factual basis for this plea:

> From September 25, 2006, to September 24, 2007, in the
> Western District of Kentucky, Oldham County, **HEDGES
> LANDSCAPE SPECIALISTS, d/b/a EXTERIOR DESIGN, INC.,
> d/b/a PERFORMANCE IRRIGATION, LLC,** knowingly hired for
> employment in the United States at least ten
> individuals with actual knowledge that the individuals
> were unauthorized aliens, as defined in 8 U.S.C. §
> 1324a(h)(3).

    4.   Defendant understands that the charge to which he will
plead guilty carries a maximum term of imprisonment of 5 years, a
maximum fine of $250,000, and a 3 year term of supervised
release.  Defendant understands that an additional term of

imprisonment may be ordered if the terms of the supervised
release are violated, as explained in 18 U.S.C. § 3583.
Defendant understands that as a result of the charge to which he
will plead guilty he may be ordered to forfeit any and all
property constituting, or derived from, proceeds said defendant
obtained, directly or indirectly, as a result of the said
offenses, and any and all of defendant's property used, or
intended to be used, in any manner or part, to commit or to
facilitate the commission of the said violations alleged in
Counts 1 through 2 of this Information, including Contents of
bank accounts (numbers omitted) in the names of Dean Hedges
(personal account), Hedges Landscape Specialists DBA Exterior
Design, Inc., and Performance Irrigation, LLC, respectively,
located at National City Bank, 6518 West Highway 146, Crestwood,
Oldham County Kentucky (total approximate value $184,766.87).

5.    Defendant understands that if a term of imprisonment of
more than one year is imposed, the Sentencing Guidelines require
a term of supervised release and that he will then be subject to
certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

6.    Defendant understands that by pleading guilty, he
surrenders certain rights set forth below.  Defendant's attorney
has explained those rights to him and the consequences of his
waiver of those rights, including the following:

A.    If defendant persists in a plea of not guilty

3

to the charge against him, he has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.   At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.   At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify.  If defendant desired to

4

do so, he could testify in his own behalf.

7.   Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8.   The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

9.   Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $400 to the United States District Court Clerk's Office **by** the date of sentencing.

10.  At the time of sentencing, the United States will

> -recommend a fine of $48,000, to be due and
> payable before the date of sentencing.[1]

> -recommend a reduction of 3 levels below the
> otherwise applicable Guideline for
> "acceptance of responsibility" as provided by
> §3E1.1(a) and (b), provided the defendant
> does not engage in future conduct which
> violates a condition of bond, constitutes

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

> obstruction of justice, or otherwise
> demonstrates a lack of acceptance of
> responsibility.  Should such conduct occur
> and the United States, therefore, opposes the
> reduction for acceptance, this plea agreement
> remains binding and the defendant will not be
> allowed to withdraw his plea.
>
> -demand forfeiture of Contents of bank accounts
> (numbers omitted) in the names of Dean Hedges (personal
> account), Hedges Landscape Specialists DBA Exterior
> Design, Inc., and Performance Irrigation, LLC,
> respectively, located at National City Bank, 6518 West
> Highway 146, Crestwood, Oldham County Kentucky (total
> approximate value $184,766.87).

11.  Both parties have independently reviewed the Sentencing
Guidelines applicable in this case, and in their best judgment
and belief, conclude that the appropriate Guideline fine is
$48,000.  Defendant further agrees that he has the ability to pay
this fine and will do so before the date of sentencing.

The foregoing statements of applicability of sections of the
Sentencing Guidelines and the statement of facts are not binding
upon the Court.  The defendant understands the Court will
independently calculate the Guidelines at sentencing and
defendant may not withdraw the plea of guilty solely because the
Court does not agree with either the statement of facts or
Sentencing Guideline application.

12.  Defendant is aware of his right to appeal his
conviction and that 18 U.S.C. § 3742 affords a defendant the
right to appeal the sentence imposed.  The Defendant knowingly
and voluntarily waives the right (a) to directly appeal his

6

conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise.  Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

13.  Defendant and the United States agree that in the event the defendant has breached the Agreement (including by failure to pay the stated fines and special assessment prior to sentencing):

A.   Defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

B.   The United States will be free to make any recommendations to the Court regarding sentencing in this case;

C.   The United States will be free to bring any other charges it has against defendant.

D.   The United States will be free to seek forfeiture of any assets not covered by this Agreement.

E.   The parties agree to stipulate the admissibility in any future trial of all statements made by illegal alien employees arrested on September 24, 2007.  The statements

7

have been provided to defense counsel, and counsel
acknowledges receipt of these statements.

14.   This Agreement does not bar the Internal Revenue
Service from the collection of taxes, nor does it bar the
Department of Labor from collecting civil penalties.  The
defendant understands that this agreement is not a global
agreement of all defendant's liabilities to the United States.

15.   Defendant hereby acknowledges and states that the funds
on deposit in the following bank accounts are proceeds of
violations of 8 U.S.C. § 1324(a)(3)(A) and hereby voluntarily
agrees to assign the funds in those accounts to the United States
to be forfeited:  Contents of bank accounts (numbers omitted), in
the names of Dean Hedges (personal account), Hedges Landscape
Specialists DBA Exterior Design, Inc., and Performance
Irrigation, LLC, respectively, located at National City Bank,
6518 West Highway 146, Crestwood, Oldham County Kentucky (total
approximate value $184,766.87).

16.   By this Agreement, defendant agrees to forfeit all
interests in the properties listed in paragraphs above and to
take whatever steps are necessary to pass clear title to the
United States.  These steps include but are not limited to
surrender of title, the signing of a consent decree, a
stipulation of facts regarding the transfer and basis for the
forfeitures and signing any other documents necessary to

8

effectuate such transfers.  Defendant agrees to forfeit the contents of the accounts in the form of a money judgment.

17.  Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment.  Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Information based upon any pending or completed administrative or civil forfeiture actions.

18.  Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510, should defendant commit any of those offenses during the cooperation phase of this Agreement.  Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of this matter could be used against defendant in any such prosecution.

19.  Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the

9

offense covered by this Agreement.

20.   The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

21.   Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

22.   It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

23.   Defendant agrees that the disposition provided for

10

within this Agreement is fair and reasonable, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.  Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence.  If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement.  Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

24.  This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and this defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

11

AGREED:

DAVID L. HUBER
United States Attorney

By: _____                    _____
Madison Sewell                                              10-1-07
Assistant U.S. Attorney                                          Date


        I have read this Agreement and carefully reviewed every part
of it with my attorney.  I fully understand it and I voluntarily
agree to it.  I certify that I am entitled to sign for and bind
the defendant in this case.

_____                         _____
HEDGES LANDSCAPE SPECIALISTS,                           10-1-07
        d/b/a EXTERIOR DESIGN, INC.                        Date
        d/b/a PERFORMANCE IRRIGATION, LLC
        Defendant


        I am the defendant's counsel.  I have carefully reviewed
every part of this Agreement with the defendant.  To my knowledge
my client's decision to enter into this Agreement is an informed
and voluntary one.

_____                         _____
John Caudill                                            10/1/07
Counsel for Defendant                                     Date


DLH:MTS


12